United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 18, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
for the Fifth Circuit**

No. 04-20919

JULIE ROBICHAUX,

Plaintiff-Appellant,

VERSUS

THE CITY OF HOUSTON,

Defendant-Appellee,

Appeal from the United States District Court
for the Southern District of Texas, Houston Division

( 4:03-CV-3153 )

Before GARWOOD, SMITH, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Julie Robichaux ("Robichaux") appeals the
district court's entry of summary judgment on her 42 U.S.C. § 1983
claim in favor of Defendant-Appellee City of Houston (the "City").
Robichaux argues the district court erred when it concluded that
her speech was not protected by the First Amendment because the
speech: (1) did not involve a matter of public concern; and (2) did
not motivate the City's refusal to accept the withdrawal of her

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

resignation.  We AFFIRM.

Robichaux worked in the Parks and Recreation Department (the "Department") of the City as an Assistant Youth Sports Manager for the First Tee junior golf program.  She twice complained to Department supervisors that a co-worker and also one of her immediate supervisors had brought a gun to work.  Both individuals were suspended.  During their suspensions, Robichaux learned that one of the individuals might return to the golf program after suspension.  Upon learning this, Robichaux immediately resigned. Days later, Robichaux changed her mind and attempted to withdraw her resignation.  The City exercised its discretion to deny her attempt to withdraw the resignation.

Robichaux initially brought suit in Texas state court, alleging violations of the Texas Public Whistleblower Act, TEX. GOV'T CODE ANN. § 554.001–.010.  She amended her petition to allege a violation of 42 U.S.C. § 1983.  The City removed the lawsuit to federal court.  Robichaux moved to remand the state retaliation claim, and  the district court granted the motion.  The City then filed a motion for summary judgment.  The court granted the City's motion, concluding Robichaux's speech was not protected because it did not relate to a matter of public concern.  The district court also concluded that, even if the speech were protected, Robichaux had not raised a genuine factual dispute as to whether her speech motivated the City's refusal to allow her to withdraw her resignation.  This timely appeal followed.  "We review a district

2

court's grant of summary judgment de novo, applying the same standards as the district court." *Priester v. Lowndes County*, 354 F.3d 414, 419 (5th Cir. 2004).

Robichaux argues that the district court erred when it held that her complaints were not protected speech. She asserts that they were protected because they pertained to safety, a matter of public concern. Further, she contends that the district court erred when it held that her complaints did not motivate the City's refusal to accept the withdrawal of her resignation.

After a thorough review of the briefs, oral arguments of the parties, and relevant portions of the record, we conclude the district court was correct in granting the City's motion for summary judgment. We AFFIRM the district court's grant of summary judgment in favor of the City for essentially the reasons provided by the district court.

**AFFIRMED.**